UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN ROE,<br><br>           Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>           Defendant. | No.  2:11-cv-2003 CKD<br><br><br>ORDER |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court.  Plaintiff seeks fees in the amount of $7,644.39.  Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified.  In the event fees are awarded, defendant contends that the amount of fees claimed is unreasonable.[1]  In addition, defendant contends any

/////

/////

---

[1] As discussed below, the court finds that the government's position was substantially justified and that no award of fees will be made.  The court notes, however, that defendant's contention with respect to the unreasonableness of the fees is well taken in that plaintiff's counsel claims hours spent on the appellate brief which are redundant of the work performed at the District Court level and the issues presented were neither novel nor complex.

1

fee that is awarded must be made payable to the plaintiff under Astrue v. Ratliff, 560 U.S. 586, 591 (2010).[2]

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four for further development of the record to the order of the court on cross-motions for summary judgment. See ECF No. 18. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

---

[2] Defendant's contention on this point is well taken.

Defendant contends the government's position was substantially justified. In this case, the District Court affirmed the ALJ's decision, which is an objective indicator of reasonableness. See Gonzales v. Free Speech Coalition, 408 F.3d 613, 619 (9th Cir. 2005). The District Court also reviewed the medical records submitted to the Appeals Council, which included treatment notes related to plaintiff's eczema and fungal infection, and concluded that the plaintiff was not prejudiced by the ALJ's failure to obtain the records prior to issuance of the ALJ's decision. ECF No. 23 at 7:14-17. The government reasonably relied on the lack of testimony by the laywitness regarding plaintiff's functional limitations as a basis for arguing that this testimony did not undermine the ALJ's RFC finding. There was also a reasonable basis in law for the government to defend the ALJ's decision that eczema was not an additional impairment, and that even if it was, the failure to include such impairment was harmless error at step two of the sequential analysis. The government reasonably relied on the conclusions of the consultative examining physician who in March, 2007 assessed no functional limitations due to plaintiff's eczema or fungal infection. In addition, defendant reasonably relied on medical evidence which was reviewed by the ALJ showing that plaintiff's eczema had improved and was considered stable by August, 2010. In response to questions by the ALJ specifically directed to plaintiff's eczema and fungal infection, plaintiff testified that nobody would want to hire him with the way his hands looked. Because plaintiff did not himself even ascribe any functional limitations due to these conditions, the government reasonably relied on plaintiff's own testimony.

For the foregoing reasons, the court finds the position of the government was substantially justified and that no award of attorneys' fees should be made under 28 U.S.C. § 2412(d)(1).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for attorneys' fees under 28 U.S.C. § 2412(d)(1) (ECF No. 34) is denied.

Dated: September 17, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 roe2003.eaja.den