1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GLEN ROE,                                No.  2:11-2003 CKD

12                    Plaintiff,

13          v.                                 ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                     Defendant.
16

17

18          By mandate of the United States Court of Appeals for the Ninth Circuit, filed June 29,

19   2016, this matter was reversed and remanded.  ECF No. 49.  The appellate court concluded that

20   defendant's position was not substantially justified and that plaintiff was entitled to EAJA

21   attorney's fees.  The parties were referred to mediation for the possibility of settling the amount

22   of attorney's fees but there was no settlement.  ECF No. 48, 49.

23          Plaintiff seeks fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1),

24   in the amount of $16,926.00 based on 91 hours of attorney time at an hourly rate of $186.00 for

25   services representing plaintiff  before the United States District Court and the United States Court

26   of Appeals for the Ninth Circuit.  Defendant contends that the amount of fees claimed is not

27   reasonable in that plaintiff should not be compensated for redundant work and because the briefs

28   did not involve complex issues.  Specifically defendant seeks a reduction of 50 percent for the

1

hours spent on the opening appellate brief and a reduction of 25 percent of the remaining fees due to the issues presented being neither complex nor novel.[1]  The government contends that the reduced award sought here is consistent with awards in similar cases.  In addition, defendant contends any fee that is awarded must be made payable to the plaintiff.

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  The court has reviewed the briefing both before the District Court and on appeal and concludes that the work performed on the appellate brief was not redundant.  Although the issues presented are not particularly complex, the briefing was thorough and the court finds no basis for a blanket 25 percent reduction as suggested by defendant.  With respect to plaintiff's counsel's time expended on tasks as set forth in counsel's schedule of hours, the court has determined the hours claimed are reasonable.  No reduction will therefore be made.  The EAJA award must be made by this court to plaintiff, and not to counsel.  See Astrue v. Ratliff, 560 U.S. 586 (2010).

Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $16,926.00.

Dated:  June 30, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 roe2003.ss.rem.eaja

---

[1]  The reduction requested by the government would reduce the amount of fees awarded to $10,602.00.

2